FILED
2014 JUL 25 PM 3:27
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2014 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 14- **CR14-0436** |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1028A: Aggravated Identity Theft; 18 U.S.C. § 1956(h): Conspiracy to Launder Money; 18 U.S.C. §§ 981(a)(1)(C), 982(a), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| YAIR SHOSHANI,<br>  aka "Ben Yehuda,"<br>  aka "Ben Cohen," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

Beginning in or before 2004, and continuing through on or about June 27, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant YAIR SHOSHANI, also known as ("aka") "Ben Yehuda," aka "Ben Cohen" ("defendant"), together with others known and unknown to the Grand Jury, conspired to commit bank fraud, in violation of Title 18, United States Code, Section 1344. The object of the conspiracy was carried out, and to be carried out, in substance, as follows: Defendant and his co-conspirators would

1  obtain bank-issued credit cards using false information and other
2  persons' identifying information without those persons'
3  authorization, and charge those credit cards at purported businesses
4  which had in fact been created only for that purpose and in fact
5  provided no goods or services.  Federally-insured financial
6  institutions defrauded as a result of this conspiracy include
7  JPMorgan Chase Bank, Discover, Bank of America, First Republic Bank,
8  East-West Bank, Citibank, First Bank, and Wells Fargo Bank.

COUNT TWO

[18 U.S.C. § 1028A]

Beginning in August 2009, and continuing through on or about June 27, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant YAIR SHOSHANI, also known as ("aka") "Ben Yehuda," aka "Ben Cohen," knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person during and in relation to a felony violation of Title 18, United States Code, Section 1349, Conspiracy to Commit Bank Fraud, as charged in Count One.

COUNT THREE

[18 U.S.C. § 1956(h)]

Beginning in or before 2004, and continuing through on or about June 27, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant YAIR SHOSHANI, also known as ("aka") "Ben Yehuda," aka "Ben Cohen" ("defendant"), together with others known and unknown to the Grand Jury, conspired to launder money, in violation of Title 18, United States Code, Section 1956, namely:

(a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is bank fraud, with the intent to promote the carrying on of specified unlawful activity, that is bank fraud, and while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, bank fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of

unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

The objects of the conspiracy were carried out, and to be carried out, in substance, as follows:

(a) Defendant and his co-conspirators would obtain credit cards from federally-insured financial institutions using false information and identifying information of other persons without those other persons' authorization;

(b) Defendant and his co-conspirators would make false charges on the credit cards at purported businesses that defendant controlled and that, in fact, provided no goods or services;

(c) As defendant and his co-conspirators knew and intended, as a result of this fraud, federally-insured financial institutions and credit card processors would transfer money into bank accounts that defendant and his co-conspirators had established for the purported businesses;

(d) Defendant would then transfer, and direct his co-conspirators to transfer, the proceeds of their bank fraud from these bank accounts into other bank accounts that they also controlled;

(e) Defendant and his co-conspirators would repeat this process so that the fraud proceeds would ultimately end up in accounts several transfers removed from the original fraudulent credit card transactions;

(f) Once the bank fraud proceeds were parked in the more distant accounts, defendant would use the proceeds to pay his co-conspirators and to purchase cashier's checks made payable to businesses that defendant controlled; and

(g) Defendant would then deposit and cause to be deposited the

5

1  cashier's checks into bank accounts held in the United States and in
2  other countries in his name and in the names of the businesses that
3  he controlled.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c)

and 18 U.S.C. § 982(a)(2)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendant YAIR SHOSHANI, also known as ("aka") "Ben Yehuda," aka "Ben Cohen" ("defendant"), that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(2), in the event of defendant's conviction under Count One of this Indictment.

2. Defendant shall forfeit to the United States the following property:

    a. All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any offense set forth in Count One of this Indictment including, without limitation:

        (i) approximately $106,784.12 in funds seized on or about July 8, 2014, pursuant to a federal seizure warrant from Chase Bank account numbers 510966356 and 510973899 held in the name of Elevation Development Group LLC;

        (ii) approximately $42,220.97 in funds seized on or about July 8, 2014, pursuant to a federal seizure warrant from HSBC bank account number 167799762 held in the name of defendant YAIR SHOSHANI;

        (iii) approximately $142,520.50 in funds in Bank of the West account number 033122374 held in the name of Evoluto LLC;

       (iv) approximately $549,000 in cash seized from a residence in Santa Monica, California, on or about June 27, 2014;

       (v) all funds in accounts held in the names of, or controlled by, YAIR SHOSHANI, Nottinghill Overseas Limited, or Dasher Overseas SA at CBH Compagnie Bancaire Helvétique SA;

       (vi) all funds in accounts held in the names of, or controlled by, YAIR SHOSHANI, Dasher Overseas SA, Nottinghill Overseas Limited, or Regent Science Limited at CBH Europe Limited;

       (vii) $100,000 from First Bank, representing the value of cashier's check number 9500159960, payable to Nottinghill Overseas Limited, purchased by Complexis, Inc., and dated December 3, 2013;

       (viii) the real property with Assessor's Parcel Number 5528-003-103, commonly known as 750 N. Kings Rd., Number 204, Los Angeles, CA 90069, and with title held by Elevation Development Group LLC, c/o YAIR SHOSHANI;

       (ix) the real property with Assessor's Parcel Number 4339-015-051, commonly known as 976 Larrabee St., Number 129, W. Hollywood, CA 90069, and with title held by Elevation Development Group LLC, c/o YAIR SHOSHANI;

       (x) the real property with Assessor's Parcel Number 4282-011-049, commonly known as 1325 9th St., Number 7, Santa Monica, CA 90401, and with title held by Elevation Development Group LLC;

       (xi) the real property with Assessor's Parcel Number

4363-007-102, commonly known as 10982 Roebling Ave., Number 359, Los Angeles, CA 90024, and with title held by Elevation Development Group LLC;

(xii) the real property with Assessor's Parcel Number 5548-025-162, commonly known as 7250 Franklin Ave., Number 1106, Los Angeles, CA 90046, and with title held by Elevation Development Group LLC;

(xiii) all funds in account numbers 000000621133910 and 33138 at Bank Hapoalim B.M. in Tel Aviv, and all funds in any other accounts at that bank which are held in the name of, or controlled by, YAIR SHOSHANI, Dasher Overseas SA, or Nottinghill Overseas Limited;

(xiv) approximately $13,549.74 in funds in Bank of America account number 2137814050 held in the name of Complexis, Inc;

(xv) $200,000 from East West Bank, representing the value of cashier's check number 865003653, payable to Nottinghill Overseas Limited, purchased by Pan American Ventures, LLC, and dated December 3, 2013;

(xvi) approximately $4,080.83 in funds in Citibank account number 40047281635 held in the name of Tom Hakopian;

(xvii) approximately $5,334.74 in funds in Citibank account number 40047281650 held in the name of Tom Hakopian;

(xviii) approximately $7,977.94 in funds in Citibank account number 40051751481 held in the name of Roman Yates;

(xix) approximately $8,140.62 in funds in Citibank

```
 1            account number 40051515241 held in the name of Peter
 2            Esposito;
 3                 (xx) approximately $34,164.72 in funds in Citibank
 4            account number 40023878487 held in the name of William
 5            Clark;
 6                 (xxi) approximately $2,638 in funds in Citibank
 7            account number 42010521633 held in the name of Eli Zehavi;
 8            and
 9                 (xxii) all assets held in the names of, or controlled
10            by, YAIR SHOSHANI, L/T holding SA, or LIT holding SA at or
11            through Agir Luxembourg SA;
12                 (Collectively, the above-described property will be
13            referred to as the "FORFEITABLE PROPERTY"); and
14       b.   A sum of money equal to the total value of the property
15  described in subparagraph a above.
16       3.   Pursuant to Title 21, United States Code, Section 853(p),
17  as incorporated by Title 18, United States Code, Section 982(b), and
18  Title 28, United States Code, Section 2461(c), defendant shall
19  forfeit substitute property, up to the value of the property
20  described in the preceding paragraph if, as the result of any act or
21  omission of defendant, the property described in the preceding
22  paragraph or any portion thereof (a) cannot be located upon the
23  exercise of due diligence; (b) has been transferred, sold to, or
24  deposited with a third party; (c) has been placed beyond the
25  jurisdiction of the court; (d) has been substantially diminished in
26  value; or (e) has been commingled with other property that cannot be
27  divided without difficulty.
28
```

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(1)]

1.  Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to defendant YAIR SHOSHANI, also known as ("aka") "Ben Yehuda," aka "Ben Cohen" ("defendant"), that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(1), in the event of defendant's conviction under Count Three of this Indictment.

2.  Defendant shall forfeit to the United States the following property:

    a.  All right, title, and interest in any and all property, real or personal, involved in or traceable to any transaction set forth in Count Three of this Indictment, including the FORFEITABLE PROPERTY set forth in Paragraph 2(a) of Forfeiture Allegation One; and

    b.  A sum of money equal to the total value of the property described in subparagraph a above.

///

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

/s/ R. E. Dugdale

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RICHARD E. ROBINSON
Assistant United States Attorney
Chief, Major Frauds Section

RANEE KATZENSTEIN
Assistant United States Attorney
Deputy Chief, Major Frauds Section

ANDREW BROWN
Assistant United States Attorney
Major Frauds Section