UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | **CR 14-436-UA** | | Date | August 4, 2014 |
|---|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| KANE TIEN | | | | ANDREW BROWN | | |
|---|---|---|---|---|---|---|
| *Deputy Clerk* | | *Court Reporter* | | *Assistant U.S. Attorney* | | |
| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
| Yair Shoshani | Not | X | | James W. Spertus | Not | | X |

**Proceedings:** **IN CHAMBERS – ORDER REVIEWING AND VACATING MAGISTRATE JUDGE'S BAIL ORDER AND ORDERING DETENTION OF DEFENDANT**

On July 28, 2014, the Government filed an "Application to the Criminal Duty Judge for Review of Magistrate Judge's Bail Order." [Doc. # 27.] The parties have filed their Joint Statement, briefs, transcripts from prior hearings before the Magistrate Judge, and other documents in support of their respective positions.[1] [Doc. ## 34, 35, 36, 37.] The matter came before this Court for hearing on July 30, 2014.

The Court has carefully reviewed and considered the pretrial services reports and all of the materials provided by the parties prior to the July 30th hearing, as well as the arguments of counsel at that hearing.

Having reviewed this matter *de novo* in accordance with 18 U.S.C. § 3142(g), and discounting certain assertions that the Government made which the Magistrate Judge properly determined were inaccurate, the Court finds that the Government has demonstrated

---

[1] On August 1, 2014, the Government filed a supplement to its application for bail review. [Doc. # 39.] As the supplement was filed without leave of the Court and Defendant has objected to it, the Court has not relied upon it and did not consider it in reaching its decision.

by a preponderance of the evidence that there are no conditions, or combination of conditions, that will reasonably assure the appearance of Defendant as required.[2]

In determining whether to detain the defendant or set conditions of release, the Court has considered the fact that Defendant has no prior criminal convictions, is a longtime resident of the Central District of California, has familial and economic ties to this community, and has significant bail resources.

Nonetheless, the Court finds that the following countervailing factors weigh in favor of detention:

1. The nature and circumstances of the offense charged;
2. Defendant's history of travel to foreign countries, including Israel, Russia, Morocco, Brazil, England, Spain, Switzerland, and Panama, with familial or economic ties to at least Israel, Russia, England, Switzerland, and Panama;
3. Defendant's active plans to leave the country and move to Israel shortly before his arrest [*see, e.g.*, Doc. # 34, Exh. B at 1, Exh. C at 1];
4. Defendant's use of assumed names for both personal and business matters, such that it raises the inference that Defendant has been leading a "double life" [*see, e.g.*, Doc. # 34, Exh. B at 3, Exh. C at 1];[3] and
5. Defendant's lack of candor to Pretrial Services about the extent of his assets and his places of travel.

Of the factors listed above, Defendant's lack of candor weighs most heavily on the Court. For example, according to the July 22, 2014 Pretrial Services Report, Defendant failed to disclose that he is the principle of Elevation Development Group, LLC, through which he owns at least five condominiums in the United States, free and clear. He also was not forthcoming with Pretrial Services regarding the fact that he has financial accounts in at least three foreign countries or that he had traveled to Panama and Switzerland in the past. Defendant did not challenge the accuracy of this information either in his written submissions or at oral argument.

---

[2] Defendant has not been charged with any of the offenses identified in 18 U.S.C. § 3142(f)(1). Therefore, the only issue before this Court is whether Defendant presents a serious risk of flight, not whether he poses a danger to the community. *See, e.g.*, *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003) (*per curiam*).

[3] The Federal Rules of Evidence do not apply to the presentation and consideration of information at bail review hearings. 18 U.S.C. § 3142(f)(2)(B). Thus, both the Government and Defendant may present evidence by proffer or hearsay. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) (*per curiam*). The Court considers the Government's proffer of hearsay statements made by Defendant's alleged anonymous accomplices and others, especially where Defendant's own statements or conduct provide some measure of corroboration.

      Although Defendant has identified several people who are willing to serve as sureties and the proposed bail amount ($857,000) is sizeable in an abstract sense, this does not outweigh the factors militating towards detention in the context of this case. Given the material omissions regarding the scope of Defendant's assets of which the Court is currently aware, the Court does not find that the proposed bail amount will reasonably assure Defendant's appearance. Furthermore, electronic monitoring provides no assurance that Defendant will not flee. Most importantly, Defendant's lack of candor with Pretrial Services and, by extension, the Court, undermines any assurance he may give that he will comply with the Court's orders or conditions of release.

      The Magistrate Judge's July 25, 2014 bond order is VACATED. The Court orders that Defendant be detained.

      IT IS SO ORDERED.

cc: USM
    PSA
    Criminal Intake