1  EILEEN M. DECKER
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   ANDREW BROWN (Cal. Bar No. 172009)
4  Assistant United States Attorney
   Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0102
7       Facsimile: (213) 894-6269
        E-mail:   andrew.brown@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. CR 14-436-GHK

13            Plaintiff,               PLEA AGREEMENT FOR DEFENDANT YAIR
                                       SHOSHANI
14            v.

15  YAIR SHOSHANI,

16            Defendant.

17

18       1.   This constitutes the plea agreement between YAIR SHOSHANI

19  ("defendant") and the United States Attorney's Office for the

20  Central District of California (the "USAO") in the above-captioned

21  case.  This agreement is limited to the USAO and cannot bind any

22  other federal, state, local, or foreign prosecuting, enforcement,

23  administrative, or regulatory authorities.

24                       DEFENDANT'S OBLIGATIONS

25       2.   Defendant agrees to:

26            a)   Give up the right to indictment by a grand jury and,

27  at the earliest opportunity requested by the USAO and provided by

28  the Court, appear and plead guilty to Count One of the First

                                  1

Superseding Information (the "information"), which charges defendant with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 371.

      b)   Not contest facts agreed to in this agreement.

      c)   Abide by all agreements regarding sentencing contained in this agreement.

      d)   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e)   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f)   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

      g)   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

      h)   Not bring a post-conviction collateral attack on the conviction or sentence except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

      i)   Not move to withdraw defendant's guilty plea.

      j)   Not file a notice of appeal, unless the term of imprisonment imposed exceeds five years.

      k)   Forfeit, on behalf of himself and on behalf of any entity in which defendant has ever held an ownership interest or has

served as an officer, director, manager, partner or other representative (which entities are collectively referred to herein as the "defendant entities" and include, without limitation, Dasher Overseas, S.A., Elevation Development Group, LLC and Pan American Ventures, LLC) to the United States of America any and all interests of defendant and the defendant entities, or either of them, to the following items (collectively referred to herein as the "Forfeitable Property"), which Forfeitable Property defendant and the defendant entities, and each of them agree (1) constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 371 and 1344, and (2) shall, at the sole election of the United States of America, be criminally forfeited or civilly forfeited, administratively or judicially, pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982 or otherwise:

    i.    Approximately $106,784.12 in funds seized on or about July 8, 2014, pursuant to a federal seizure warrant from Chase Bank account numbers 510966356 and 510973899 held in the name of Elevation Development Group LLC, Asset Number 14-FBI-005868, 3410-14-F-256;

    ii.    Approximately $42,220.97 in funds seized on or about July 8, 2014, pursuant to a federal seizure warrant from HSBC bank account number 167799762 held in the name of defendant YAIR SHOSHANI, Asset Number 14-FBI-005869, 3410-14-F-257;

iii.   Approximately $142,520.50 in funds in Bank of
       the West account number 033122374 held in the
       name of Evoluto LLC, Asset Number 14-FBI-006031,
       3410-14-F-263;

iv.    Approximately $549,100 in cash seized from a
       residence in Santa Monica, California, on or
       about June 27, 2014, Asset Number 14-FBI-005867,
       3410-14-F-255;

v.     $100,000 from First Bank, representing the value
       of cashier's check number 9500159960, payable to
       Nottinghill Overseas Limited, purchased by
       Complexis, Inc., and dated December 3, 2013;

vi.    The real property with Assessor's Parcel Number
       5528-003-103, commonly known as 750 N. Kings
       Rd., Number 204, Los Angeles, CA 90069, and with
       title held by Elevation Development Group LLC,
       c/o YAIR SHOSHANI, Asset Number 14-FBI-007694,
       3410-15-I-066;

vii.   The real property with Assessor's Parcel Number
       4339-015-051, commonly known as 976 Larrabee
       St., Number 129, W. Hollywood, CA 90069, and
       with title held by Elevation Development Group
       LLC, c/o YAIR SHOSHANI, Asset Number 14-FBI-
       007695, 3410-15-I-067;

viii.  The real property with Assessor's Parcel Number
       4282-011-049, commonly known as 1325 9th St.,

4

Number 7, Santa Monica, CA 90401, and with title held by Elevation Development Group LLC, Asset Number 14-FBI-007696, 3410-15-I-068;

ix.   The real property with Assessor's Parcel Number 4363-007-102, commonly known as 10982 Roebling Ave., Number 359, Los Angeles, CA 90024, and with title held by Elevation Development Group LLC, Asset Number 14-FBI-007697, 3410-15-I-069;

x.   The real property with Assessor's Parcel Number 5548-025-162, commonly known as 7250 Franklin Ave., Number 1106, Los Angeles, CA 90046, and with title held by Elevation Development Group LLC, Asset Number 14-FBI-007698, 3410-15-I-070;

xi.   Approximately $17,790.74 in funds in Bank of America account number 2137814050 held in the name of Complexis, Inc., Asset Number 14-FBI-006032, 3410-14-F-264;

xii.   $200,000 from East West Bank, representing the value of cashier's check number 865003653, payable to Nottinghill Overseas Limited, purchased by Pan American Ventures, LLC, and dated December 3, 2013, Asset Number 14-FBI-005870, 3410-14-F-258;

xiii.   Approximately $4,080.83 in funds in Citibank account number 40047281635 held in the name of

Tom Hakopian, Asset Number 14-FBI-005871, 3410-14-F-259 (1 of 6);

xiv.    Approximately $5,334.74 in funds in Citibank account number 40047281650 held in the name of Tom Hakopian, Asset Number 14-FBI-005871, 3410-14-F-259 (2 of 6);

xv.    Approximately $7,977.94 in funds in Citibank account number 40051751481 held in the name of Roman Yates, Asset Number 14-FBI-005871, 3410-14-F-259 (3 of 6);

xvi.    Approximately $8,140.62 in funds in Citibank account number 40051515241 held in the name of Peter Esposito, Asset Number 14-FBI-005871, 3410-14-F-259 (4 of 6);

xvii.    Approximately $34,164.72 in funds in Citibank account number 40023878487 held in the name of William Clark, Asset Number 14-FBI-005871, 3410-14-F-259 (5 of 6); and

xviii.    Approximately $2,638 in funds in Citibank account number 42010521633 held in the name of Eli Zehavi, Asset Number 14-FBI-005871, 3410-14-F-259 (6 of 6).

xix.    All the funds in Compagnie Bancaire Helvetique (CBH) account number 0013194 held in the name of Dasher Overseas S.A./Yair Shoshani (estimated to be approximately $3,245,000 net of a loan), and

6

in CBH account number 0021616 held in the name of Nottinghill Overseas Limited/Rachel Shoshani (estimated to be approximately $196,000).

l)   Deliver to the undersigned Assistant United States attorney, within fourteen (14) calendar days of defendant's execution of this plea agreement, notarized releases and consent directives in the form of Exhibits A through G, attached hereto, executed by Daria Igorevna Krylova, Elevation Development Group, LLC, Pan American Ventures, LLC, Dasher Overseas, S.A., Nottinghill Overseas Limited, defendant, and Rachel Shoshani of their respective rights to contest the forfeiture of the Forfeitable Property items set forth in those Exhibits, and directing the transfer of the specified bank accounts.

m)   Hereby withdraw any claim defendant submitted to the Federal Bureau of Investigation in the administrative forfeiture proceedings commenced by that agency with respect to the Forfeitable Property.  Defendant and the defendant entities, and each of them, further waive their respective rights, if any, to any further notice relative to the administrative forfeiture proceedings and understands, acknowledges and agrees that the Forfeitable Property shall be administratively forfeited to the United States of America without any further notice.

n)   Refrain from contesting the forfeiture (by filing a claim, statement of interest, petition for an ancillary proceeding, petition for remission or otherwise) of the Forfeitable Property in any administrative or judicial proceeding, or assisting any other

person or entity in falsely contesting the forfeiture of the Forfeitable Property in any administrative or judicial proceeding.

o)   Take all steps necessary to pass to the United States of America clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture, consent directive, and the completion of any other legal documents required for the transfer of title to the Forfeitable Property to the United States of America.

p)   The Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the Forfeitable Property.  Defendant knowingly and voluntarily waives (i) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment; (ii) all constitutional and statutory challenges in any manner (including by direct appeal, habeas corpus or any other means) to any forfeiture carried out in accordance with this agreement on any grounds; and (iii) all constitutional, legal and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant also acknowledges that defendant understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted.

q)    Forfeiture of the Forfeitable Property not being counted toward satisfaction of any special assessment, fine, restitution, or any other penalty the Court may impose, or being counted toward satisfaction of any taxes, penalties, or interest owed to the Internal Revenue Service.

<u>THE USAO'S OBLIGATIONS</u>

3.    The USAO agrees to:

a)    Not contest facts agreed to in this agreement.

b)    Move to dismiss the underlying indictment as against defendant after the time period for filing an appeal from defendant's sentencing has passed.  Defendant agrees, however, that at the time of sentencing the Court may consider the underlying indictment and any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

c)    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d)    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations described in the discovery provided.  Defendant understands that the USAO is free to criminally prosecute defendant for any other

unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

     e)   Not seek the forfeiture or seizure of the approximately one million pounds held in the United Kingdom in account numbers 1044031 and 3044031, in the name of Yair Shoshani, at CBH Europe Ltd at Jackson House, 18 Saville Row, London, W1S 3PW, and after completing the agreed-upon forfeitures set forth in this agreement, to request that the U.K. authorities release the freeze currently on those accounts, and not interfere with defendant's efforts to effect the return of this sum to defendant's mother or any other individual or entity that will own these funds.

<u>NATURE OF THE OFFENSE</u>

     4.   Defendant understands that for defendant to be guilty of conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 371, the following must be true:  First, during the time period alleged in the information there was an agreement between two or more persons to commit bank fraud; Second, defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; Third, one of the members of the conspiracy committed at least one overt act for the purpose of carrying out the conspiracy.  The elements of bank fraud, in turn, are as follows:  First, defendant knowingly carried out a scheme or

plan to obtain money or property from a financial institution by making false statements or promises; Second, defendant knew that the statements or promises were false; Third, the statements or promises were material, that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; Fourth, the defendant acted with the intent to defraud; and Fifth, the financial institution was federally insured.

### PENALTIES AND RESTITUION

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 371, 1344, is: 5 years imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or loss, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

11

Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may

order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges.

<u>FACTUAL BASIS</u>

10.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning in or before 2007, and continuing through at least June 27, 2014, there was a conspiracy to commit bank fraud. Defendant became a member of that conspiracy knowing of its object and intending to help accomplish it.  The conspiracy worked as follows:  defendant and his co-conspirators conducted a "bust-out" scheme using synthetic identities and fictitious merchants to defraud banks that issue credit cards.  In furtherance of the conspiracy, defendant and his co-conspirators would apply for credit in synthetic identities and manipulate their credit ratings by adding them as authorized users to the credit card accounts of identities with high credit ratings.  Defendant and his co-conspirators set up many fictitious businesses to process credit card charges, but which conducted no actual business.  Defendant and his co-conspirators then charged the credit cards held by the synthetic identities at their fictitious businesses and moved the proceeds into new bank accounts to prevent the credit card

13

processors from recouping their losses after they discovered the fraud. Defendant had the proceeds of the fraud moved into different bank accounts, and then into cashier's checks to make it difficult to trace. All the assets listed as subject to forfeiture in this plea agreement at paragraph 2(k) either contained proceeds of the fraud or, in the case of real property, were purchased with proceeds of the fraud. In furtherance of the conspiracy, on May 19, 2014, defendant transported from Los Angeles to London a list he handwrote of names and account numbers used to defraud banks. Federally-insured financial institutions including JPMorgan Chase Bank, Bank of America, Citibank, and Wells Fargo Bank were defrauded through this conspiracy.

<u>SENTENCING FACTORS</u>

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

12. Defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

13.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a)   The right to persist in a plea of not guilty.

b)   The right to a speedy and public trial by jury.

c)   The right to be represented by counsel — and if necessary have the court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel — and if necessary have the court appoint counsel — at every other stage of the proceeding.

d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)   The right to confront and cross-examine witnesses against defendant.

f)   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g)   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

15

h)    Any and all rights to pursue any affirmative
defenses, Fourth Amendment or Fifth Amendment claims, and other
pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

15.   Defendant understands that, with the exception of an
appeal based on a claim that defendant's guilty pleas were
involuntary, by pleading guilty defendant is waiving and giving up
any right to appeal defendant's convictions on the offenses to which
defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16.   Defendant agrees that, provided the Court imposes a total
term of imprisonment on all counts of conviction of no more than
five years, defendant gives up the right to appeal all of the
following: (a) the procedures and calculations used to determine and
impose any portion of the sentence; (b) the term of imprisonment
imposed by the Court; (c) the fine imposed by the court, provided it
is within the statutory maximum; (d) the term of probation or
supervised release imposed by the Court, provided it is within the
statutory maximum; (e) the amount and terms of any restitution
order, provided it requires payment of no more than $20,000,000; and
(f) the conditions of probation or supervised release imposed by the
Court.

17.   Defendant also gives up any right to bring a post-
conviction collateral attack on the convictions or sentence,
including any order of restitution, except a post-conviction
collateral attack based on a claim of ineffective assistance of
counsel, a claim of newly discovered evidence, or an explicitly

16

retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

18.   The USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

19.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

20.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

21.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required

17

certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) defendant will remain bound by defendant's obligations.

22.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a)  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b)  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c)    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

23.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in the plea agreement are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States

19

Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

EILEEN M. DECKER

United States Attorney

ANDREW BROWN                                    Date  2-19-2016
Assistant United States Attorney

YAIR SHOSHANI                                   Date  2-8-16
Defendant

JAMES SPERTUS                                   Date  2-8-16
Attorney for Defendant
YAIR SHOSHANI

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

21

1

2   YAIR SHOSHANI                                    2-8-16
    Defendant                                        Date

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am YAIR SHOSHANI's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of my client's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          2-8-16
JAMES SPERTUS                             Date
Attorney for Defendant
YAIR SHOSHANI

23

**EXHIBIT A**
**WAIVER AND RELEASE**
**OF CLAIMS TO CONTEST FORFEITURE**

I.   **INTRODUCTION**.

A.   Yair Shoshani ("defendant") has entered into a plea agreement with the United States Attorney's Office for the Central District of California.

B.   Defendant has agreed to forfeit the following property to the United States of America ("the Forfeitable Property"):

1.   Approximately $106,784.12 in funds seized on or about July 8, 2014, pursuant to a federal seizure warrant from Chase Bank account numbers 510966356 and 510973899 held in the name of Elevation Development Group LLC, Asset Number 14-FBI-005868, 3410-14-F-256;

2.   Approximately $42,220.97 in funds seized on or about July 8, 2014, pursuant to a federal seizure warrant from HSBC bank account number 167799762 held in the name of defendant YAIR SHOSHANI, Asset Number 14-FBI-005869, 3410-14-F-257; and

3.   Approximately $549,100 in cash seized from a residence in Santa Monica, California, on or about June 27, 2014, Asset Number 14-FBI-005867, 3410-14-F-255.

C.   Daria Igorevna Krylova has submitted a claim to the Forfeitable Property in the United States of America administrative forfeiture proceedings with respect to the Forfeitable Property.

II.   **WAIVER AND RELEASE BY DARIA IGOREVNA KRYLOVA**

Daria Igorevna Krylova hereby knowingly, voluntarily, and intelligently waives, relinquishes, and surrenders all rights to contest the forfeiture of the Forfeitable Property, and all rights

24

to judicial review of the forfeiture of the Forfeitable Property. To the extent that Daria Igorevna Krylova has already filed one or more claims to contest administrative or judicial forfeiture of the Forfeitable Property, this Waiver and Release constitutes a complete withdrawal of such claims, and Daria Igorevna Krylova agrees and understands that the Forfeitable Property shall be administratively or judicially forfeited to the United States of America without any further notice.

Dated: _____         _____
                                          Daria Igorevna Krylova

**EXHIBIT B**
**WAIVER AND RELEASE**
**OF CLAIMS TO CONTEST FORFEITURE**

## I.   INTRODUCTION.

A.   Yair Shoshani ("defendant") has entered into a plea agreement with the United States Attorney's Office for the Central District of California.

B.   Defendant has agreed to forfeit the following property to the United States of America ("the Forfeitable Property"):

1.   Approximately $106,784.12 in funds seized on or about July 8, 2014, pursuant to a federal seizure warrant from Chase Bank account numbers 510966356 and 510973899 held in the name of Elevation Development Group LLC, Asset Number 14-FBI-005868, 3410-14-F-256;

2.   The real property with Assessor's Parcel Number 5528-003-103, commonly known as 750 N. Kings Rd., Number 204, Los Angeles, CA 90069, and with title held by Elevation Development Group LLC, c/o YAIR SHOSHANI, Asset Number 14-FBI-007694, 3410-15-I-066;

3.   The real property with Assessor's Parcel Number 4339-015-051, commonly known as 976 Larrabee St., Number 129, W. Hollywood, CA 90069, and with title held by Elevation Development Group LLC, c/o YAIR SHOSHANI, Asset Number 14-FBI-007695, 3410-15-I-067;

4.   The real property with Assessor's Parcel Number 4282-011-049, commonly known as 1325 9th St., Number 7, Santa Monica, CA 90401, and with title held by Elevation Development Group LLC, Asset Number 14-FBI-007696, 3410-15-I-068;

     5.   The real property with Assessor's Parcel Number 4363-007-102, commonly known as 10982 Roebling Ave., Number 359, Los Angeles, CA 90024, and with title held by Elevation Development Group LLC, Asset Number 14-FBI-007697, 3410-15-I-069; and

     6.   The real property with Assessor's Parcel Number 5548-025-162, commonly known as 7250 Franklin Ave., Number 1106, Los Angeles, CA 90046, and with title held by Elevation Development Group LLC, Asset Number 14-FBI-007698, 3410-15-I-070.

   C.   Defendant is an officer, director, member, shareholder or other authorized representative of Elevation Development Group, LLC and is authorized and empowered to execute this Waiver and Release of Claims to Contest Forfeiture on behalf of Elevation Development Group, LLC.

**II.   WAIVER AND RELEASE BY ELEVATION DEVELOPMENT GROUP, LLC AND AGREEMENT TO TAKE ALL STEPS TO PASS CLEAR TITLE TO THE FORFEITABLE PROPERTY TO THE UNITED STATES**

   Elevation Development Group, LLC hereby knowingly, voluntarily, and intelligently waives, relinquishes, and surrenders all rights to contest the forfeiture of the Forfeitable Property, and all rights to judicial review of the forfeiture of the Forfeitable Property. To the extent that Elevation Development Group, LLC has already filed one or more claims to contest administrative or judicial forfeiture of the Forfeitable Property, this Waiver and Release constitutes a complete withdrawal of such claims, and Elevation Development Group, LLC agrees and understands that the Forfeitable

Property shall be administratively or judicially forfeited to the United States of America without any further notice.  In addition, Elevation Development Group, Inc. agrees to take all steps necessary to pass to the United States of America clear title to the Forfeitable Property including, without limitation, the execution of a consent decree of forfeiture and the completion of any other legal documents required for the transfer of title to the Forfeitable Property to the United States of America.

ELEVATION DEVELOPMENT GROUP, LLC

Dated: 2.8.16                     By: _____
                                      Yair Shoshani

                                  Its: President, CEO, and Owner

**EXHIBIT C**
**WAIVER AND RELEASE**
**OF CLAIMS TO CONTEST FORFEITURE**

I.   <u>INTRODUCTION</u>.

A.   Yair Shoshani ("defendant") has entered into a plea agreement with the United States Attorney's Office for the Central District of California.

B.   Defendant has agreed to forfeit the following property to the United States of America ("the Forfeitable Property"):

> 1.   $200,000 from East West Bank, representing the value of cashier's check number 865003653, payable to Nottinghill Overseas Limited, purchased by Pan American Ventures, LLC, and dated December 3, 2013, Asset Number 14-FBI-005870, 3410-14-F-258.

C.   Defendant as owner-in-fact of Pan American Ventures, LLC is authorized and empowered to execute this Waiver and Release of Claims to Contest Forfeiture on behalf of Pan American Ventures, LLC.

II.   **WAIVER AND RELEASE BY PAN AMERICAN VENTURES, LLC.**

Pan American Ventures, LLC hereby knowingly, voluntarily, and intelligently waives, relinquishes, and surrenders all rights to contest the forfeiture of the Forfeitable Property, and all rights to judicial review of the forfeiture of the Forfeitable Property. To the extent that Pan American Ventures, LLC has already filed one or more claims to contest administrative or judicial forfeiture of the Forfeitable Property, this Waiver and Release constitutes a complete withdrawal of such claims, and Pan American Ventures, LLC agrees and understands that the Forfeitable Property shall be

administratively or judicially forfeited to the United States of America without any further notice.

PAN AMERICAN VENTURES, LLC

Dated: 2.8.16                        By: _____
                                         Yair Shoshani

                                     Its: Owner-in-Fact

**EXHIBIT D**
**WAIVER AND RELEASE**
**OF CLAIMS TO CONTEST FORFEITURE**

I.   **INTRODUCTION**.

    A.   Yair Shoshani ("defendant") has entered into a plea agreement with the United States Attorney's Office for the Central District of California.

    B.   Defendant has agreed to forfeit the following property to the United States of America ("the Forfeitable Property"):

        1.   All the funds in Compagnie Bancaire Helvetique (CBH) account number 0013194 held in the name of Dasher Overseas S.A./Yair Shoshani (estimated to be approximately $3,245,000 net of a loan).

    C.   Defendant is an officer, director, member, shareholder or other authorized representative of Dasher Overseas, S.A. and is authorized and empowered to execute this Waiver and Release of Claims to Contest Forfeiture on behalf of Dasher Overseas, S.A.

II.  **WAIVER AND RELEASE BY DASHER OVERSEAS, S.A. AND AGREEMENT TO TAKE ALL STEPS TO PASS CLEAR TITLE TO THE FORFEITABLE PROPERTY TO THE UNITED STATES**

    Dasher Overseas, S.A. hereby knowingly, voluntarily, and intelligently waives, relinquishes, and surrenders all rights to contest the forfeiture of the Forfeitable Property, and all rights to judicial review of the forfeiture of the Forfeitable Property. To the extent that Dasher Overseas, S.A. has already filed one or more claims to contest administrative or judicial forfeiture of the Forfeitable Property, this Waiver and Release constitutes a complete withdrawal of such claims, and Dasher Overseas, S.A. agrees and understands that the Forfeitable Property shall be administratively

or judicially forfeited to the United States of America without any

further notice.  In addition, Dasher Overseas, S.A. agrees to take

all steps necessary to pass to the United States of America clear

title to the Forfeitable Property including, without limitation, the

execution of a consent decree of forfeiture, consent directive, and

the completion of any other legal documents required for the

transfer of title to the Forfeitable Property to the United States

of America.

DASHER OVERSEAS, S.A.

Dated: 2.8.16                          By: _____

                                            Yair Shoshani

                                       Its: President, CEO, and Owner

32

**EXHIBIT E**
**WAIVER AND RELEASE**
**OF CLAIMS TO CONTEST FORFEITURE**

I.   INTRODUCTION.

A.   Yair Shoshani ("defendant") has entered into a plea agreement with the United States Attorney's Office for the Central District of California.

B.   Defendant has agreed to forfeit the following property to the United States of America ("the Forfeitable Property"):

1.   All the funds in Compagnie Bancaire Helvetique account number 0021616 held in the name of Nottinghill Overseas Limited/Rachel Shoshani (estimated to be approximately $196,000).

C.   Rachel Shoshani is a relative of defendant.

II.   **WAIVER AND RELEASE BY RACHEL SHOSHANI**

Rachel Shoshani, on behalf of herself and Nottinghill Overseas Limited, hereby knowingly, voluntarily, and intelligently waives, relinquishes, and surrenders all rights to contest the forfeiture of the Forfeitable Property, and all rights to judicial review of the forfeiture of the Forfeitable Property.  To the extent that Rachel Shoshani, on behalf of herself or Nottinghill Overseas Limited, has already filed one or more claims to contest administrative or judicial forfeiture of the Forfeitable Property, this Waiver and Release constitutes a complete withdrawal of such claims, and Rachel

///

Shoshani, on behalf of herself and Nottinghill Overseas Limited, agrees and understands that the Forfeitable Property shall be administratively or judicially forfeited to the United States of America without any further notice.

Dated: _____          _____

                                         Rachel Shoshani, on behalf of
                                         herself and Nottinghill Overseas
                                         Limited

**EXHIBIT F**
**CONSENT DIRECTIVE**

CBH Compagnie Bancaire Helvétique SA
Boulevard Emile-Jaques-Dalcroze 7
P.O. Box 3754
1211 Geneva 3
Switzerland
+41 22 839 01 00

Re: <u>Transfer of Funds from CBH Compagnie Bancaire Helvétique SA Account No. 0013194</u>

To the Authorized Authorities at CBH Compagnie Bancaire Helvétique SA (Switzerland)

     I, the undersigned, Yair Shoshani, am the signatory and authorized account holder for Account Number 0013194 presently maintained at CBH Compagnie Bancaire Helvétique SA in the name of: Dasher Overseas S.A./ Yair Shoshani. With my notarized signature below, I hereby authorize and request that the entire proceeds/contents, including accrued interest, of that account be immediately transferred to Citibank, N.A. account number 36838868 using the following information:

     SWIFT Code:  CITIUS33
     Remittance Account Number:  36838868
     Remittance Account Name:  Federal Reserve Bank of New York/ITS
     Bank Name:  Citibank, N.A. (New York)
     Bank Address:  388 Greenwich Street, New York, NY 10013
     Payment Details (line 70): The payment originator must reference ALC number 15180001
     Details of Charges (line 71A):  Charge Our


_____
     YAIR SHOSHANI on behalf of himself and DASHER OVERSEAS S.A.


Sworn to and subscribed before me this _____ day of _____, 2016


Notary Public
My Commission expires

35

# EXHIBIT G
## CONSENT DIRECTIVE

CBH Compagnie Bancaire Helvétique SA
Boulevard Emile-Jaques-Dalcroze 7
P.O. Box 3754
1211 Geneva 3
Switzerland
+41 22 839 01 00

Re: <u>Transfer of Funds from CBH Compagnie Bancaire Helvétique SA Account No. 0021616</u>

To the Authorized Authorities at CBH Compagnie Bancaire Helvétique SA (Switzerland)

      I, the undersigned, Rachel Shoshani, am the signatory and authorized account holder for Account Number 0021616 presently maintained at CBH Compagnie Bancaire Helvétique SA in the name of: Nottinghill Overseas Limited/ Rachel Shoshani.  With my notarized signature below, I hereby authorize and request the entire proceeds/contents, including accrued interest, of that account be immediately transferred to Citibank, N.A. account number 36838868 using the following information:

      SWIFT Code:  CITIUS33
      Remittance Account Number:  36838868
      Remittance Account Name:  Federal Reserve Bank of New York/ITS
      Bank Name:  Citibank, N.A. (New York)
      Bank Address:  388 Greenwich Street, New York, NY 10013
      Payment Details (line 70): The payment originator must reference ALC number 15180001
      Details of Charges (line 71A):  Charge Our

_____
RACHEL SHOSHANI on behalf of herself and NOTTINGHILL OVERSEAS LIMITED

Sworn to and subscribed before me this _____ day of _____, 2016

Notary Public
My Commission expires