UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Page **1** of **2**

| Case No. | CR 14-436-DMG | Date | April 29, 2020 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| Kane Tien | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Yair Shoshani | Not | | | Victor Sherman | Not | | ✓ |

**Proceedings: [IN CHAMBERS] ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION FOR EARLY TERMINATION OF SUPERVISED RELEASE [211]**

On April 24, 2020, Defendant Yair Shoshani filed an *ex parte* application for early termination of his supervised release. [Doc. # 211.] On April 25, 2020, the Government filed its opposition. [Doc. # 212.] The Court has reviewed and considered the parties' arguments for and against the application and now renders the following decision.

### I.     PROCEDURAL HISTORY

Defendant was charged with conspiracy to commit bank fraud (18 U.S.C. § 1349), aggravated identity theft (18 U.S.C. § 1028A), and conspiracy to launder money (18 U.S.C. § 1956(h)). [Doc. # 19.] A first superseding information subsequently charged Defendant with conspiracy to commit bank fraud (18 U.S.C. § 371) [Doc. # 150]. After the Government recharged Defendant, and Defendant agreed to pay full restitution [Doc. # 149], Defendant received a sentence of the statutory maximum of 60 months prison, followed by three years of supervised release. [Doc. # 178.]

### II.     DISCUSSION

After considering certain of the factors set forth in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . ." 18 U.S.C. § 3583(e)(1).

Having served 18 months, or half of his term, of supervised release, Defendant seeks early termination on the grounds that he has maintained stable employment, his employment opportunities would be enhanced if he were able to travel internationally, he attends religious services and actively volunteers within his community, and he wishes to assist in the care of his sister and mother in Israel. [Doc. # 211.]

First, Defendant's employment status is not sufficient grounds warranting early termination of supervised release. Gainful employment is expected of all able-bodied individuals on supervised release. Nor does the theoretical prospect of obtaining additional employment contacts abroad warrant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Page **2** of **2**

early termination.[1]  Second, Defendant's family ties in Israel and specifically, the medical needs of Defendant's mother and sister, were known to Judge King at the time of sentencing in 2016.  [*See* Doc. # 163 (PSR) at ¶¶ 70-72.]  Nothing presented by Defendant in the instant application alters the appropriateness of the sentence imposed.  Defendant also presents letters of support from members of his community relating to his participation in religious studies and volunteer work at his synagogue.  While his volunteer work is commendable, Defendant presented similar letters in the past, with rabbis referring to his "honesty and integrity" [*see* Doc. # 15 at 31, 33, 35].  He apparently participated in religious services even while he committed the crime for which he was convicted.  Thus, there is no new information that warrants the early termination of supervised release.

The Court has considered the factors set out in section 3553, including *inter alia*, the nature and circumstances of the offense and the history and characteristics of Defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; the need for the sentence imposed to protect the public from further crimes of Defendant; and the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. §§ 3553(a); 3583(e).  They support Defendant's current sentence.  As the Government points out, Defendant received a far more lenient sentence than originally contemplated due to Defendant's willingness to pay full restitution.  [*See* Doc. # 149.]

### III.  CONCLUSION

In light of the foregoing, Defendant's *ex parte* application for early termination of his supervised release is respectfully **DENIED**.

**IT IS SO ORDERED.**

---

[1] The Government suggests that Defendant's employment may be "doubtful" given his employer's apparent checkered past.  [Doc. # 212 at 3.]  This employer was also Defendant's primary surety when this Court vacated the Magistrate Judge's bail order and determined that Defendant should be detained before trial.  [*See* Doc. ## 23, 42.]  The Court need not resolve the accuracy of the Government's characterization of Defendant's employment status here, because even assuming Defendant's employment is perfectly legitimate, it would not warrant early termination of supervised release.